# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| UNITED MINERALS AND PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PHOENIX INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION FILE NO. 4:23-cv-00050-WMR |

## ORDER

This matter is before the Court on Defendant The Phoenix Insurance Company's ("Phoenix") Motion to Dismiss [Doc. 11]. After consideration of the parties' arguments, the applicable law, and the relevant parts of the record, the Court **DENIES** Phoenix's Motion to Dismiss [Doc. 11].

## I.  Background

The Complaint alleges that Phoenix is contractually obligated to defend Plaintiff United Minerals and Properties, Inc. d/b/a CIMBAR Performance Minerals, Inc. ("CIMBAR") in an underlying lawsuit in state court. [Doc. 1 at 9]. The underlying lawsuit alleges that a CIMBAR talc product used in two medical procedures, in 2014 and 2020, contained asbestos which caused the underlying

1

plaintiff to be diagnosed with Malignant Pleural Mesothelioma.[1] [*Id.* at 3–4]. CIMBAR contends that its talc product does not contain asbestos. [*Id.* at 3].

In both 2014 and 2020, Phoenix insured CIMBAR, and the policy agreements included that Phoenix would defend CIMBAR in suits seeking damages for bodily injury. [*Id.* at 5]. However, Phoenix refused to defend CIMBAR in the underlying suit due to asbestos exclusions within the policies. [*Id.* at 5–6]. The 2014 asbestos exclusion provided as follows:

> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the injury or damage is caused or contributed to by the hazardous properties of asbestos. This includes:
> a. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and
> b. Any obligation to share damages with or repay someone else who must pay damages because of such injury or damage.

[*Id.* at 6]. The 2020 asbestos exclusion provided as follows:

> (1) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the "bodily injury" or "property damage" is caused or contributed to by the hazardous properties of asbestos.

---

[1] The underlying lawsuit alleges negligence, breach of express and implied warranties, breach of implied warranty, manufacturing defect, breach of implied warranty, design defect, fraud, conspiracy to commit fraudulent misrepresentation and concealment, and loss of consortium. [Doc. 3-1 at 17–43].

2

> (2) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, and that are part of any claim or "suit" which also alleges any "bodily injury" or "property damage" described in Paragraph (1) above.

[*Id.*].

CIMBAR subsequently filed a complaint in this Court seeking declaratory relief and compensatory and consequential damages for breach of contract. [*Id.*]. Phoenix filed a Motion to Dismiss [Doc. 11] arguing that the complaint fails to state a claim upon which relief can be granted due to the presence of the asbestos exceptions within the policies.

## II.     Legal Standard

Under the Federal Rules of Civil Procedure, a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth . . . ." *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Next, a court must "accept[ ] the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

**III.    Discussion**

Phoenix argues that the asbestos exclusions unambiguously exclude the duty to defend whenever a plaintiff alleges that an injury is caused by asbestos. This Court disagrees.

"As with any contract, in construing the terms of an insurance policy, we look first to the text of the policy itself." *Ga. Farm Bureau Mut. Ins. Co. v. Smith*, 784 SE2d 422, 424 (Ga. 2016).[2] "Words used in the policy are given their usual and common meaning, and the policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." *Id.* (citations and punctuation omitted). Where the contract language is explicit and unambiguous, the court's job is simply to apply the terms of the contract as written . . . ." *Id.* (punctuation omitted). "However, when a policy provision is susceptible to more than one meaning, even if each meaning is logical and reasonable, the provision is ambiguous and . . . will be construed strictly against the insurer/drafter and in favor of the insured." *Id.* "In Georgia, the insurer bears the burden of showing that a fact situation falls within an exclusionary clause of an insurance policy." *Alea London Ltd. v. Lee*, 649 S.E.2d 542, 544 (Ga. Ct. App. 2007).

---

[2] This case is before this Court based on diversity jurisdiction, and therefore, Georgia law applies. *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1309–10 (S.D. Fla. 2007) ("In diversity cases seeking declaratory relief, the federal court applies state law on the substantive issues presented in the declaratory judgment action.").

4

Further, to "excuse the duty to defend[,] the petition must unambiguously exclude coverage under the policy" and if "the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured." *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (Ga. 1997). "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." *Hoover v. Maxum Indemnity*, 730 S.E.2d 413, 418 (Ga. 2012) (punctuation omitted).

In support of its argument that the contract unambiguously excludes any claims alleging the presence of asbestos, Phoenix focuses on only part of the relevant provision. It points the Court to language present in both of the relevant policies where the exclusion states that the insurance does not apply to bodily injury "arising out of the actual *or alleged* presence . . . of asbestos . . . ." [Doc. 1 at 6]. But this clause cannot be read in isolation. *See, e.g.*, *Lloyd's Syndicate No. 5820 v. AGCO Corp.*, 756 S.E.2d 520, 523 (Ga. 2014) ("This case does not require us to determine what that phrase would mean standing alone, however, because the phrase . . . , like any words used in a contract, must be read in context."). Notably, in both policies, the same sentence also provides that the exclusion applies "provided that the injury or damage *is* caused or contributed to by the hazardous properties of asbestos." [Doc. 1 at 6]. The presence of the word "is" in this clause implies that the asbestos must be present for the exclusion to apply. Therefore, at best, the clause is ambiguous and

5

should be "resolved in favor of the insured." *Ga. Farm Bureau Mut. Ins. Co.*, 784 SE2d at 424. Accordingly, the Court finds that due to the text of the relevant policies, Phoenix must defend CIMBAR in the underlying suit if the talc products do not contain asbestos regardless of the fact that the underlying plaintiff alleged the presence of asbestos. Because CIMBAR has alleged that its talc products do not contain asbestos, it has alleged a claim upon which relief can be granted. Phoenix's Motion to Dismiss is **DENIED**.

    **IT IS SO ORDERED**, this 26th day of October, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE