## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

|  |  |
|---|---|
| **UNITED MINERALS & PROPERTIES, INC. DBA CIMBAR PERFORMANCE MINERALS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**THE PHOENIX INSURANCE COMPANY,**<br><br>**Defendant.** | **Civil Action No.**<br>**4:23-CV-00050-WMR** |

## MOTION TO AMEND ORDER PURSUANT TO 28 U.S.C. § 1292(b)

Pursuant to 28 U.S.C. § 1292(b), The Phoenix Insurance Company ("Phoenix") respectfully submits this Motion to Amend the Court's Order Denying Phoenix's Motion to Dismiss (Doc. 33) to include findings that would permit Phoenix to seek interlocutory review by the Eleventh Circuit.

## FACTS AND PROCEDURAL HISTORY

Plaintiff United Minerals & Properties, Inc. d/b/a CIMBAR Performance Minerals ("CIMBAR") filed a complaint for declaratory judgment and breach of contract asserting that Phoenix is obligated to defend the liability lawsuit brought by Bryce and Diane Zundel in the Superior Court of Massachusetts (the "*Zundel* Action"). In its amended complaint, CIMBAR summarizes the Zundels' claim as

1

alleging that a CIMBAR talc product used in Mr. Zundel's medical treatment allegedly contained asbestos and caused him to develop malignant pleural mesothelioma. (Doc. 3, ¶ 9.) In each count of the *Zundel* Action, Mr. Zundel seeks damages for "asbestos-related malignant mesothelioma and other asbestos-related diseases" that resulted from the use of CIMBAR's product that allegedly contained asbestos fibers, and Mrs. Zundel seeks damages for loss of consortium relating to Mr. Zundel's injuries. (Doc. 3-1, ¶¶ 22, 31, 38, 45, and 47-56.)

In light of these allegations, Phoenix moved to dismiss CIMBAR's Complaint on the basis that Phoenix has no duty to defend or indemnify CIMBAR for the claims asserted in the underlying *Zundel* Action pursuant to the asbestos exclusions contained within Phoenix's policies issued to CIMBAR. Those exclusions preclude coverage for injuries "arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the injury or damage is caused or contributed to by the hazardous properties of asbestos." (Doc. 11-1, p. 10.)

Following a hearing, the Court entered an order denying Phoenix's motion to dismiss, finding that "due to the text of the relevant policies, Phoenix must defend CIMBAR in the underlying suit if the talc products do not contain asbestos regardless of the fact that the underlying plaintiff alleged the presence of asbestos." (Doc. 33.) In reaching that conclusion the Court construed the "provided that" clause

of the asbestos exclusion quoted above as requiring a finding that the claimed injury was *in fact* caused or contributed to by the hazardous properties of asbestos to preclude a duty to defend. The Court's reasoning would therefore require Phoenix to offer a defense even when the underlying claim alleged injury from the presence of asbestos because the true facts of the claim would not be known until the liability litigation was resolved. Furthermore, the Court suggested at the hearing that Phoenix could issue "a reservation of rights as it relates to any finding that the injury was caused by asbestos. And I assume with that reservation of right may come some obligation to reimburse them if it was related to asbestos and not to something that was not asbestos." (Doc. 32, Transcript of Motion Hearing on September 7, 2023, 39:11-15.)

For the reasons set forth in this motion, Phoenix now respectfully moves the Court to amend the order pursuant to 28 U.S.C. § 1292(b) to allow Phoenix to then seek an interlocutory appeal of the Court's ruling on the duty to defend to the Eleventh Circuit.

## **ARGUMENT AND CITATION TO AUTHORITY**

Title 28 U.S.C. § 1292(b) allows a district judge to amend an interlocutory order to find that the ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Upon

entry of those findings, the litigant has ten (10) days to apply to the circuit court for leave to accept the order for interlocutory review. Without those findings, review of the order would need to await the entry of an appealable order.

It cannot be disputed that the question of Phoenix's duty to defend "involves a controlling question of law" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Phoenix's lawsuit relates solely to the duty to defend; it seeks no ruling on the duty to indemnify. The existence of a duty to defend "turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." *City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 207, 498 S.E.2d 782, 784 (1998). In applying that standard, the court looks "to the allegations of the complaint to determine whether a claim covered by the policy is asserted." *Id*. In contrast, a duty to indemnify the insured for damages owed to the injured party "is determined by the 'true facts' as they are established in the underlying action." *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1366 (N.D. Ga. 2017). *See also Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1372-73 (N.D. Ga. 2009) (finding that the duty to indemnify cannot be determined until the insured's liability has been resolved).

The existence of a duty to defend involves construction of the policy that is a legal question for the court to resolve. *See Varsalona v. Auto-Owners Ins. Co.*, 281

Ga. App. 644, 645-46, 637 S.E.2d 64, 66 (2006). Further, the duty to defend is thus broader than the duty to indemnify such that a finding that the insurer does not owe a duty to defend subsumes a finding as to the narrower duty to indemnify. *See Capitol Specialty Ins. Corp. v. PTAV, Inc.*, 331 F. Supp. 3d 1329, 1337 (N.D. Ga. 2018). As such, whether Phoenix owes a defense to CIMBAR presents a "controlling question of law" as to the application of the asbestos exclusions in Phoenix's policies issued to CIMBAR such that an interlocutory appeal would "materially advance the ultimate termination of the litigation."

The remaining inquiry under Section 1292(b) is whether there is "substantial ground for difference of opinion" as to the construction of the asbestos exclusion. In that regard, Phoenix respectfully submits that the Court's interpretation of the asbestos exclusions could be viewed as conflating the standard for a duty to defend with the standard for a duty to indemnify. As explained above, the duty to defend is "separate and independent" of the duty "to indemnify the insureds for any damages recovered against them in that action[.]" *Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317, 653 S.E.2d 870, 873 (2007). Whereas the duty to defend is based on the *alleged* injury, a duty to indemnify is determined based on the "true facts" establishing the insured's liability. *Airport Mini Mall*; *Khan*.

For purposes of determining the duty to defend in this case, the Court must take Mr. Zundel's complaint as it is pleaded  i.e., that CIMBAR's allegedly asbestos-

containing talc product caused Mr. Zundel to develop "asbestos-related malignant mesothelioma and other asbestos-related diseases." Based on the factual allegations in the Zundel complaint, which must be regarded as true for determining a duty to defend, the injury arose out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, and was caused or contributed to by the hazardous properties of asbestos – an excluded risk. Under the Court's interpretation, the duty to defend is not based on Mr. Zundel's *allegation* that he sustained "asbestos-related malignant mesothelioma and other asbestos-related diseases" but instead would require conclusive *proof* that the allegation is true and that CIMBAR is in fact so liable.

Effectively, the Court's construction requires there to be a finding that Phoenix does not owe a duty to *indemnify* for there to be no duty to defend, which could only be determined retrospectively. This interpretation could be viewed as conflating the duty to indemnify with the duty to defend that should be based on the *alleged* injury and not proof of a covered injury. By the time the insured's liability is established, the defense will have been concluded with the insurer having expended the funds. And although the Court surmised that Phoenix could defend under a reservation of rights subject to the right to seek reimbursement, it is not clear whether Phoenix would be able to do so consistent with Georgia law. *See, e.g., Continental Cas. Co. v. Winder Laboratories, LLC*, 73 F.4th 934, 949-50 (11th Cir.

6

2023).  Deciding a duty to defend from the perspective of a final duty to indemnify would also be practically unworkable in cases where the policyholder settles the underlying lawsuit, in addition to being conceptually counter to Georgia's legal standard for determining whether an insurer owes a duty to defend.

Even beyond that, the Court's interpretation of the asbestos exclusions could be viewed as contrary to Georgia's rules of construction.[1] Under those rules, courts must "favor that construction which upholds the contract in whole and every part" and to "look at the whole contract in arriving at the construction of any part." *RLI Ins. v. Highlands on Ponce, LLC*, 280 Ga. App. 798, 802, 635 S.E.2d 168, 171-72 (2006) (citing O.C.G.A. § 13-2-2(4)). Further, courts must "avoid any construction that renders *portions* of the contract language meaningless." (Emphasis added.) *Id.* at 802, 635 S.E.2d at 172. Also, the fact that a policy "could have been clearer . . . does not mandate the conclusion that the policy was legally ambiguous." *Garmany v. Mission Ins. Co.*, 785 F.2d 941, 945 (11th Cir. 1986) (construing Georgia law).

Phoenix agrees with the Court that the asbestos exclusions have twocomponents; there must be both: (1) "bodily injury … arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos"; and (2) "the injury or damage is caused or

---

[1] Policy interpretation is a matter of state law. *Sphinx Intern, Inc. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005).

7

contributed to by the hazardous properties of asbestos." (Doc. 1, ¶¶ 26-27.) Under the Court's construction, the requirement that injury arise from the "*alleged presence*" of asbestos or the "*alleged or threatened* dispersal of asbestos, asbestos fibers or products containing asbestos" would have no force unless the injury was also *actually* caused by asbestos. Such a construction could be viewed as rendering the terms "alleged" and "threatened" in the first part of the exclusions to have no meaning. Likewise, focusing on the word "is" in the second part of the exclusions could be viewed as ignoring "the *hazardous* properties of asbestos" (emphasis added) which differentiates the two parts of the exclusions.

Instead, the only interpretation that gives meaning to *both* parts of the exclusions, as necessary to read the exclusion as a whole, is one that turns on allegations that the alleged injury is asbestos related and that the alleged injury was "caused or contributed to by the *hazardous properties* of asbestos" (emphasis added). This construction could be viewed as necessary in order to read the policy as a whole, as required by Georgia law, so as to exclude coverage for cancer caused by asbestos inhalation (for example) but not for a head injury caused by an item containing asbestos striking a person's head (as another example). Both scenarios involve the "alleged" presence of asbestos, but the first scenario involves an allegation that the injury was caused by "the hazardous properties of asbestos," while the latter scenario does not.

8

For these reasons, Phoenix posits that there is a "substantial ground for difference of opinion" as to the application of the asbestos exclusions to determine whether Phoenix owes a duty to defend CIMBAR for the *Zundel* Action, and thus respectfully requests that the Court so certify so Phoenix can then seek leave from the Eleventh Circuit to pursue an interlocutory appeal. For practical purposes, an interlocutory appeal at this juncture will promote judicial economy and efficiency because the underlying liability claim in the *Zundel* Action will need to be concluded under the Court's analysis before CIMBAR's right to coverage including a defense can be determined. If this Court's ruling can be appealed in tandem with the underlying liability case, then the ultimate resolution of the case will be materially advanced. Stated otherwise, by the time the underlying liability claim is resolved, the parties (and the Court) would have the benefit of the Eleventh Circuit's decision in making a final decision on whether the asbestos exclusions apply to the Zundels' claims. That way, the extent of the coverage obligations can be ripe for resolution sooner rather than later, considering the time it will take for the Zundels' liability case to wend its way through the trial and appeals process in Massachusetts.

WHEREFORE, Phoenix respectfully requests that the Court amend its Order denying Phoenix's motion to dismiss to include the certifications under 28 U.S.C. §1292(b), so that Phoenix can then seek leave to appeal to the Eleventh Circuit.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/ *Philip W. Savrin*

Philip W. Savrin
Ga. Bar No. 627836
Rachel Slimmon
Ga. Bar No. 831661
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
(770) 818-1405
psavrin@fmglaw.com
rslimmon@fmglaw.com

**SIMPSON THACHER & BARTLETT LLP**

Lynn K. Neuner
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
lneuner@stblaw.com

*Counsel for Defendant The Phoenix Insurance Company*

10

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Counsel for Defendant The Phoenix Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the undersigned counsel electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, or U.S. mail if no email address has been provided.

This 24th day of November, 2023.

*/s/ Philip Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)