## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

UNITED MINERALS AND
PROPERTIES, INC.,

     Plaintiff,

          v.

THE PHOENIX INSURANCE
COMPANY,

     Defendant.

CIVIL ACTION FILE NO.
4:23-cv-00050-WMR

## ORDER

This matter is before the Court on Defendant The Phoenix Insurance Company's ("Phoenix") Motion to Amend Order Pursuant to 28 U.S.C. §1292(b). [Doc. 34]. After consideration, the Motion to Amend [Doc. 34] is **DENIED**.

## I.  Background

The Complaint alleges that Phoenix is contractually obligated to defend Plaintiff United Minerals and Properties, Inc. d/b/a CIMBAR Performance Minerals, Inc. ("CIMBAR") in an underlying lawsuit in state court. [Doc. 1 at 9]. The underlying lawsuit alleges that a CIMBAR talc product used in two medical procedures, in 2014 and 2020, contained asbestos which caused the underlying

plaintiff to be diagnosed with Malignant Pleural Mesothelioma.[1] [*Id.* at 3–4]. CIMBAR contends that its talc product does not contain asbestos. [*Id.* at 3].

In both 2014 and 2020, Phoenix insured CIMBAR, and the policy agreements included that Phoenix would defend CIMBAR in suits seeking damages for bodily injury. [*Id.* at 5]. However, Phoenix refused to defend CIMBAR in the underlying suit due to asbestos exclusions within the policies. [*Id.* at 5–6]. The 2014 asbestos exclusion provided as follows:

> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the injury or damage is caused or contributed to by the hazardous properties of asbestos. This includes:
> a. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and
> b. Any obligation to share damages with or repay someone else who must pay damages because of such injury or damage.

[*Id.* at 6]. The 2020 asbestos exclusion provided as follows:

> (1) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the "bodily injury" or "property damage" is caused or contributed to by the hazardous properties of asbestos.

---

[1] The underlying lawsuit alleges negligence, breach of express and implied warranties, breach of implied warranty, manufacturing defect, breach of implied warranty, design defect, fraud, conspiracy to commit fraudulent misrepresentation and concealment, and loss of consortium. [Doc. 3-1 at 17–43].

(2) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, and that are part of any claim or "suit" which also alleges any "bodily injury" or "property damage" described in Paragraph (1) above.

[*Id.*].

CIMBAR subsequently filed a complaint in this Court seeking declaratory relief and compensatory and consequential damages for breach of contract. [*Id.*]. Phoenix filed a Motion to Dismiss [Doc. 11], arguing that the complaint fails to state a claim upon which relief can be granted due to the presence of the asbestos exceptions within the policies. This Court filed an order denying the Motion to Dismiss [Doc. 33] (the "Order"). Phoenix now asks this Court to amend the Order to allow Phoenix to seek interlocutory review.

## II.    Discussion

28 U.S.C. § 1292(b) allows for an interlocutory appeal only where the district court's order indicates that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This Court finds that the Order [Doc. 33] involved "a controlling question of law," but that there is not a "substantial ground for difference of opinion" and "an

immediate appeal from the order" would not "materially advance the ultimate termination of the litigation."

First, there is not a "substantial ground for difference of opinion." This Court looked to language present in both policies that the exclusion applies "provided that the injury or damage *is* caused or contributed to by the hazardous properties of asbestos." [Doc. 1 at 6 (emphasis added)]. This Court determined that "[t]he presence of the word 'is' in this clause implies that the asbestos must be present for the exclusion to apply" and, at best, makes the clause ambiguous. [Doc. 33 at 5–6]. The Court concludes that, at the very least, there is no substantial ground for difference of opinion that the clause is ambiguous. Because a policy provision's ambiguity is resolved "in favor of the insured," *Ga. Farm Bureau Mut. Ins. Co. v. Smith*, 298 Ga. 716, 719 (2016), the Court concludes that there is no substantial ground for difference of opinion that CIMBAR alleged a claim upon which relief can be granted.

Second, "an immediate appeal from the order" would not "materially advance the ultimate termination of the litigation" because CIMBAR has remaining arguments against the granting of the motion to dismiss that the Court has yet to consider. In its response to the Motion to Dismiss, CIMBAR also argued that Phoenix was required to fully defend CIMBAR because "asbestos" was defined as including both asbestos and non-asbestos talc in the underlying lawsuit, excluding

the applicability of the asbestos exception. So, even if Phoenix were to obtain a reversal by the Eleventh Circuit, the Court would still need to consider this argument before the case could be terminated. Therefore, the Court concludes that "an immediate appeal from the order" would not "materially advance the ultimate termination of the litigation." Accordingly, Phoenix's Motion to Amend [Doc. 34] is **DENIED**.

　　**IT IS SO ORDERED**, this 22nd day of January, 2024.


_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE