IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED MINERALS AND PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PHOENIX INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION FILE NO. 4:23-cv-00050-WMR |

## ORDER

This matter is before the Court on Plaintiff United Minerals and Properties, Inc. d/b/a CIMBAR Performance Minerals, Inc.'s ("CIMBAR") Motion for Judgment on the Pleadings [Doc. 45]. After consideration of the parties' arguments, the applicable law, and the relevant parts of the record, the Court **DENIES** CIMBAR's Motion [Doc. 45].

**I.   Background**

The Complaint alleges that Defendant The Phoenix Insurance Company ("Phoenix") is contractually obligated to defend CIMBAR in an underlying lawsuit in state court. [Doc. 1 at 9]. The underlying lawsuit (the "Zundel Action") alleges that a CIMBAR talc product used in two medical procedures, in 2014 and 2020,

1

contained asbestos which caused the underlying plaintiff to be diagnosed with Malignant Pleural Mesothelioma.[1] [*Id.* at 3–4]. CIMBAR contends that its talc product did not contain asbestos. [*Id.* at 3].

In both 2014 and 2020, Phoenix insured CIMBAR, and the policy agreements stipulated that Phoenix would defend CIMBAR in suits seeking damages for bodily injury. [*Id.* at 5]. However, Phoenix refused to defend CIMBAR in the underlying suit due to asbestos exclusions within the policies. [*Id.* at 5–6]. The 2014 asbestos exclusion provided as follows:

> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the injury or damage is caused or contributed to by the hazardous properties of asbestos. This includes:
> a. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and
> b. Any obligation to share damages with or repay someone else who must pay damages because of such injury or damage.

[*Id.* at 6]. The 2020 asbestos exclusion provided as follows:

> (1) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the

---

[1] Plaintiffs Bryce and Diane Zundel filed the Zundel Action alleging negligence, breach of express and implied warranties, breach of implied warranty, manufacturing defect, breach of implied warranty, design defect, fraud, conspiracy to commit fraudulent misrepresentation and concealment, and loss of consortium. [Doc. 3-1 at 17–43].

> "bodily injury" or "property damage" is caused or contributed to by the hazardous properties of asbestos.
>
> (2) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, and that are part of any claim or "suit" which also alleges any "bodily injury" or "property damage" described in Paragraph (1) above.

[*Id.*] (collectively, the "Asbestos Exclusions").

After Phoenix refused to defend CIMBAR in the Zundel Action, CIMBAR filed a complaint in this Court seeking declaratory relief and compensatory and consequential damages for breach of contract. [*Id.*]. Phoenix filed a Motion to Dismiss [Doc. 11], arguing that the complaint fails to state a claim upon which relief can be granted due to the presence of the Asbestos Exclusions within the policies, which this Court denied. CIMBAR now seeks judgment on the pleadings.

## II.  Legal Standard

A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. Pro. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). When determining whether a party is entitled to judgment on the pleadings, a district court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light

3

most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

### III.   Discussion

CIMBAR presents two arguments supporting their position that the Court should enter judgment on the pleadings and order Phoenix to defend CIMBAR in the Zundel Action. First, CIMBAR argues that the Asbestos Exclusions do not apply to the Zundel Action because CIMBAR denies that the underlying talc product contained asbestos. Second, CIMBAR argues that Phoenix's duty to defend is triggered because the Zundel complaint alleges that the injuries could be caused by non-asbestiform talc. Phoenix responds that the Asbestos Exclusions unambiguously exclude the duty to defend whenever a plaintiff alleges that an injury is caused by asbestos and that judgment on the pleadings is improper because there are genuine issues of material fact. After reviewing the Parties' arguments, the Court agrees with Phoenix that genuine disputes of material fact prevent judgment on the pleadings.

### A. The Text of the Insurance Policy Does Not Unambiguously Exclude Coverage.

As an initial matter, the Court agrees with CIMBAR that the text of the Asbestos Exclusions do not unambiguously exclude coverage. "As with any contract, in construing the terms of an insurance policy, we look first to the text of the policy itself." *Ga. Farm Bureau Mut. Ins. Co. v. Smith*, 784 S.E.2d 422, 424 (Ga.

2016).[2] "Words used in the policy are given their usual and common meaning, and the policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." *Id.* (citations and punctuation omitted). Where the contract language is explicit and unambiguous, the court's job is simply to apply the terms of the contract as written . . . ." *Id.* (punctuation omitted).

However, to "excuse the duty to defend[,] the petition must unambiguously exclude coverage under the policy." *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 490 S.E.2d 374, 376 (Ga. 1997). Where "a policy provision is susceptible to more than one meaning, even if each meaning is logical and reasonable, the provision is ambiguous and . . . will be construed strictly against the insurer/drafter and in favor of the insured." *Ga. Farm Bureau Mut. Ins. Co.*, 784 S.E.2d at 424. "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." *Hoover v. Maxum Indem.*, 730 S.E.2d 413, 418 (Ga. 2012) (punctuation omitted). "In Georgia, the insurer bears the burden of showing that a fact situation falls within an exclusionary clause of an insurance policy." *Alea London Ltd. v. Lee*, 649 S.E.2d 542, 544 (Ga. Ct. App. 2007).

---

[2] This case is before this Court based on diversity jurisdiction, and therefore, Georgia law applies. *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 504 F. Supp. 2d 1307, 1309–10 (S.D. Fla. 2007) ("In diversity cases seeking declaratory relief, the federal court applies state law on the substantive issues presented in the declaratory judgment action.").

5

Phoenix argues that the language excluding coverage for "bodily injury . . . arising out of the actual or alleged presence . . . of asbestos . . . provided that the injury or damage is caused or contributed to by the hazardous properties of asbestos" defeats the duty to defend in the Zundel Action. [Doc. 1 at 6]. In doing so, Phoenix focuses on the language "arising out of the actual *or alleged* presence . . . of asbestos" to support their assertion that the alleged presence of asbestos in the Zundel Action triggers this exclusion. [*Id.*]. But, as this Court noted in its Order denying Phoenix's Motion to Dismiss [Doc. 33], this clause cannot be read in isolation. *See, e.g.*, *Lloyd's Syndicate No. 5820 v. AGCO Corp.*, 756 S.E.2d 520, 523 (Ga. 2014) ("This case does not require us to determine what that phrase would mean standing alone, however, because the phrase . . . , like any words used in a contract, must be read in context."). Importantly, the Asbestos Exclusions only apply where "the injury or damage *is* caused or contributed to by the hazardous properties of asbestos." [Doc. 1 at 6]. And, whether the injury or damage "*is* caused or contributed to by the hazardous properties of asbestos" is in dispute.

Phoenix responds that this qualifying language only serves to provide coverage where the injury occurred due to a product containing asbestos but was not caused by "the *hazardous* properties of asbestos"—for example, if a plaintiff suffered a crush injury when a ceiling incidentally containing asbestos collapsed. And, while that is *a* plausible reading of the exclusion, it is not the only one.

6

Alternatively, the word "is" can also be read to imply that asbestos must actually be present for the exclusion to apply. Therefore, the clause is ambiguous and should be "resolved in favor of the insured." *Ga. Farm Bureau Mut. Ins. Co.*, 784 S.E.2d at 424. Accordingly, CIMBAR is correct that the Asbestos Exclusions do not unambiguously apply here where it has denied that the products actually contained asbestos. However, the Court's inquiry does not end here.

### B. Genuine Disputes of Material Fact Bar Judgment on the Pleadings.

Judgment on the pleadings is only appropriate where there are no material facts in dispute. *Cannon*, 250 F.3d at 1301. And, as Phoenix points out, there are genuine disputes of material fact concerning both of CIMBAR's arguments because the Parties dispute whether the injuries were "caused or contributed to by the hazardous properties of asbestos." So, the Court cannot enter judgment at this time.

As noted above, the Asbestos Exclusions do not unambiguously apply where CIMBAR denies the presence of asbestos in the product. However, regardless of this denial, the Asbestos Exclusions will apply if it is shown that the product did in fact contain asbestos that caused or contributed to the injuries in the Zundel Action. Because the Parties dispute the presence of asbestos in the underlying talc product, the Court cannot rely on the pleadings to enter judgment at this time.

CIMBAR's remaining argument—that Phoenix has a duty to defend the Zundel Action because the complaint also alleged injuries resulting from non-

asbestos products—fails for the same reason. More specifically, CIMBAR argues that the definition of "asbestos" in the Zundel complaint includes non-asbestiform talc. [*See* Doc. 11-11 at 10 (defining "asbestos" as including "non-regulated and non-commercial forms of asbestos, all forms of elongate mineral particles, fibrous minerals, fibrous talc, cleavage fragments of amphiboles, individual fibers, bundles, fibrils and transition/transitional fibers")]. Therefore, the suit also alleges injuries that were not "caused or contributed to by the hazardous properties of asbestos." But, this fact is also in dispute. Phoenix not only argues that the Zundel complaint's "asbestos" definition should not be read to include non-asbestiform talc but also argues that the injuries complained of in the Zundel Action can only be caused by exposure to asbestos. Accordingly, the Court cannot enter judgment on the pleadings.

## IV.  CONCLUSION

CIMBAR's Motion for Judgment on the Pleadings [Doc. 45] is **DENIED**.

**IT IS SO ORDERED**, this 17th day of July, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE